UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   EDCV 18-1075-GW (KS)                                Date: July 30, 2018

Title   *Michael Anthony Hanford v. M.E. Spearman*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Roxanne Horan-Walker | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE**

On May 18, 2018, Petitioner, a California state prisoner proceeding *pro se* and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition").  On May 25, 2018, the Court, having determined that the Petition appeared wholly unexhausted, ordered Petitioner to comply with one of the following directives:  (1) file a response to the Order establishing that the exhaustion process is complete; (2) file a signed Notice of Voluntary Dismissal; or (3) file a Motion for a stay pursuant to *Rhines v. Weber*, 514 U.S. 269 (2005). (Dkt. No. 3.)  On June 18, 2018, Petitioner filed a response to that Order, but the Court could not determine whether Petitioner sought a stay or contended that the exhaustion process was complete. (Dkt. Nos. 6, 7.)  Accordingly, on June 25, 2018, the Court ordered Petitioner to file, no later than July 9, 2018, a signed statement, clarifying whether he seeks a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005) or, alternatively, contends that the exhaustion process is complete. (Dkt. No. 7.)  More than two weeks have now passed since Petitioner's deadline for responding to the Court's June 25, 2018 Order and Petitioner has neither complied with the Court's order nor communicated with the Court about his case.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be subject to involuntary dismissal if a Petitioner "fails to prosecute or to comply with these rules or a court order."  Thus, the Court could properly recommend dismissal of the action for Petitioner's failure to timely comply with the Court's orders.

However, in the interests of justice, Petitioner is **ORDERED TO SHOW CAUSE on or before August 20, 2018** why the action should not be dismissed as a fully unexhausted petition, pursuant to *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982), and §28 U.S.C. 2254(b)(1), and for

failure to comply with court orders pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Specifically, to discharge this Order to Show Cause and proceed with his case, Petitioner must file by the August 20, 2018 deadline either:

(1) a response to the Court's June 25, 2018 Order that clearly and unambiguously establishes that either the California Supreme Court adjudicated Petitioner's claims for federal habeas relief or that Petitioner seeks a *Rhines* stay and satisfies the three requirements[1] for obtaining one; or

(2) a request for an extension of time to file a response to the Court's June 25, 2018 Order accompanied by a sworn declaration (not to exceed 3 pages) establishing good cause for Petitioner's failure to timely respond.

Alternatively, Petitioner may discharge this Order and dismiss this case by filing a signed document entitled a "Notice of Voluntary Dismissal" requesting the voluntary dismissal of the action without prejudice pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

**Petitioner is cautioned that his failure to timely comply with this order will lead to a recommendation of dismissal.**

**IT IS SO ORDERED**.

|  | : |
|---|---|
| **Initials of Preparer** | rhw |

---

[1] To obtain a *Rhines* stay, Petitioner must establish: (i) "good cause" for Petitioner's failure to exhaust his claims for relief; (ii) the unexhausted claims are "potentially meritorious;" and (iii) Petitioner has not engaged in "intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277-78;